## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **MICHAEL COATES, BRANDON RAYBION, DANIEL VENABLE** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action No. 7:22-CV-00018** |
| **TNT CRANE & RIGGING, INC.,** | § § § | |
| **Defendant.** | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Michael Coates, Brandon Raybion, and Daniel Venable ("Plaintiffs") bring this suit against the above-named Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as amended, and the New Mexico Minimum Wage Act ("NMMWA"), N.M. STAT. § 50-4-19, *et seq.*, as amended. Plaintiffs show as follows:

### I. NATURE OF SUIT

1.      The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2.      Likewise, the NMMWA requires that employees who work more than forty hours in a week be paid one and one-half their regular hourly rate for hours worked in excess of forty hours. N.M. STAT. § 50-4-22.

3.      Defendant TNT Crane & Rigging, Inc. ("Defendant") has violated the FLSA and the NMMWA by failing to pay its crane operators, including Plaintiffs, in accordance with the guarantees and protections of the FLSA and the NMMWA. Defendant has refused to pay its crane operators at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek. It has done so by knowingly permitting its crane operators to engage in compensable travel time and compensable preparatory and concluding work but nevertheless intentionally refusing to pay those crane operators for all of that travel time or preparatory and concluding work.

## II. PARTIES

4.      Plaintiff Coates is an individual who resides in Harris County, Texas. He has consented to be a party-plaintiff in this action. His consent form is attached as **Exhibit A**.

5.      Plaintiff Raybion is an individual who resides in Ector County, Texas. He has consented to be a party-plaintiff in this action. His consent form is attached as **Exhibit B**.

6.      Plaintiff Venable is an individual who resides in Midland County, Texas. He has consented to be a party-plaintiff in this action. His consent form is attached as **Exhibit C**.

7.      Defendant TNT Crane & Rigging, Inc. is a Texas for-profit corporation that is authorized to do business in Texas and that is doing business in Texas. Defendant maintains its principal office in Houston, Texas, and can be served with process by service on its registered agent, Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, Texas 78701-4411.

### III. JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law. Specifically, Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs' NMMWA claims form part of the same case or controversy under Article III of the United States Constitution. Therefore, this Court has supplemental jurisdiction over Plaintiffs' NMMWA claims pursuant to 28 U.S.C. §1367(a). This Court also has personal jurisdiction over all parties to this action.

9.      Venue is proper in the Midland Division of the United States District Court for the Western District of Texas. A substantial part of the events forming the basis of this suit occurred in Midland County, Texas, which is in this District and Division. Plaintiffs were employees of Defendant, and they have performed work for Defendant, in Midland County, Texas. Defendant is subject to this Court's personal jurisdiction with respect to this civil action. Defendant thus resides in this district and division. Venue in this Court is therefore proper under 28 U.S.C. § 1391.

### IV. COVERAGE UNDER THE FLSA

10.     At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.     At all relevant times, Plaintiffs were "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

12.     At all relevant times, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13.     At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C.

§ 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14.     In the performance of his work, Plaintiffs handled tools, equipment, and other materials that were manufactured outside of the State of Texas and outside of the State of New Mexico, including, for example, cranes and rigging equipment.

15.     At all relevant times, Plaintiffs were engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §207.

## V. COVERAGE UNDER THE NMMWA

16.     At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 50-4-21(B) of the NMMWA.

17.     At all times hereinafter mentioned, Plaintiffs were individual "employees" within the meaning of Section 50-4-21(C) of the NMMWA, and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 50-4-21(A).

## VI. FACTUAL ALLEGATIONS

18.     Defendant is a crane and rigging company that provides services throughout North America, including the United States.  It provides lifting services across the Permian Basin, including in Midland County. Defendant is one of the largest crane operators in the world and employs dozens of crane operators out of its Midland, Texas yard alone.

19.     Plaintiff Coates was employed by Defendant from approximately February 13, 2017 until approximately November 1, 2017. Plaintiff was an opt-in plaintiff in *Repass, et al. v. TNT Crane*

*and Rigging, Inc.*, No. MO:18-CV-00107-DC/RCG. He filed his consent to join the *Repass* case on April 15, 2019. *Repass*, No. MO:18-CV-00107-DC/RCG, Dkt. 42-1. The court in *Repass* granted Defendant TNT's motion to decertify the conditionally certified collective action on January 10, 2022. *Id.*, Dkt. 188. The *Repass* court has separately stated that the effect of the decertification order was to dismiss the opt-in plaintiffs' claims, including Plaintiff's claim, without prejudice. *Id.*, Dkts. 190, 191.

20.     Plaintiff Raybion was employed by Defendant from approximately February 6, 2017 until November 2019. Plaintiff was an opt-in plaintiff in *Repass, et al. v. TNT Crane and Rigging, Inc.*, No. MO:18-CV-00107-DC/RCG. He filed his consent to join the *Repass* case on March 27, 2019. *Repass*, No. MO:18-CV-00107-DC/RCG, Dkt. 37-1. The court in *Repass* granted Defendant TNT's motion to decertify the conditionally certified collective action on January 10, 2022. *Id.*, Dkt. 188. The *Repass* court has separately stated that the effect of the decertification order was to dismiss the opt-in plaintiffs' claims, including Plaintiff's claim, without prejudice. *Id.*, Dkts. 190, 191.

21.     Plaintiff Venable was employed by Defendant from approximately October 2014 until June 2018. Plaintiff was an opt-in plaintiff in *Repass, et al. v. TNT Crane and Rigging, Inc.*, No. MO:18-CV-00107-DC/RCG. He filed his consent to join the *Repass* case on July 13, 2018. *Repass*, No. MO:18-CV-00107-DC/RCG, Dkt. 15-1. The court in *Repass* granted Defendant TNT's motion to decertify the conditionally certified collective action on January 10, 2022. *Id.*, Dkt. 188. The Repass court has separately stated that the effect of the decertification order was to dismiss the opt-in plaintiffs' claims, including Plaintiff's claim, without prejudice. *Id.*, Dkts. 190, 191.

22.     Plaintiffs worked for Defendant as crane operators at Defendant's worksites in and around the Permian Basin, including in Midland County, Texas and in New Mexico.

23.     For all times relevant to this action, as crane operators, the Plaintiffs' primary job duties for the Defendant have been the performance of manual, non-management work. Plaintiffs spent most of their time performing manual tasks outside at oilfield or construction jobsites, such as (1) rigging up and rigging down cranes; (2) inspecting Defendant's cranes, (3) servicing Defendant's cranes; (4) completing Job Safety Analyses (JSAs); and (5) operating Defendant's cranes.

24.     The job description and job duties of the crane operators at Defendant's Midland location were and are essentially the same.

25.     Defendant paid Plaintiffs an hourly wage plus, on particular jobs, a per diem.

26.     The crane operators typically work no fewer than 50 hours, and often as many as 100 hours, per week.

27.     However, Defendant did not pay Plaintiffs at all for substantial amounts of time spent on compensable preparatory and concluding tasks and compensable travel.

28.     Plaintiffs were required to perform various preparatory and concluding tasks outside of their jobsites, including but not limited to obtaining and loading fuel, diesel exhaust fluid (DEF), lubricants, water, ice, and other items onto their vehicles before driving to their jobsites or after returning from their jobsites. Plaintiffs sometimes obtained these items from Defendant's yard and sometimes they obtained them from stores or gas stations. In addition, Plaintiffs were often required to pick up and drop off riggers at one of Defendant's yards or another designated location.

29.     Plaintiffs frequently started or ended their workdays when they obtained these materials or picked up or dropped off riggers. Obtaining and loading these materials and picking up and dropping off riggers was integral and indispensable to the performance of the crane operators' primary job duty for the Defendant—operating its cranes. Without these materials or riggers, Plaintiffs could not have safely and effectively performed their work for Defendant.

30.     After performing preparatory work and picking up the riggers, Plaintiffs drove themselves and the riggers to their jobsites in Texas and New Mexico. The drives to the jobsites would often take 2-3 hours or more.

31.     Defendant provided vehicles for Plaintiffs to drive to and from their jobsites. For example, Defendant provided its crane operators Chevrolet Silverado 2500HDs, Chevrolet 1500s, Ford F250s, and Ford F150s.

32.     Plaintiffs used the vehicles that Defendant provided to transport themselves, their riggers, fuel, DEF, rigging, lubricant, paperwork, water, and other supplies that were necessary to perform their work to and from their jobsites.

33.     Defendant maintained and followed policies and practices under which it refused to pay crane operators for their time traveling to and from their jobsites depending on certain circumstances such as whether the crane operator paid for his own lodging, whether Defendant's customer paid for the travel time, and whether the operator opted to receive a higher *per diem* amount.

34.     Defendant followed the policies and practices described in the preceding paragraph without regard to whether the Plaintiffs had performed compensable preparatory tasks before traveling to their jobsites or compensable concluding tasks after leaving their jobsites.

35.     However, Defendant did compensate the Plaintiffs for the time they spent traveling in the Defendant's cranes or haul trucks. Most of the time that Plaintiffs spent traveling for Defendant, however, was in the pickup trucks that Defendant provided.

36.     As a result, Defendant refused to pay Plaintiffs on many occasions for compensable work time traveling and performing preparatory and concluding tasks. Plaintiffs performed this off-the-clock work in many weeks in which they worked more than 40 hours, resulting in unpaid overtime.

37.     Defendant has knowingly, willfully, or with reckless disregard carried out, and continues

to carry out, its illegal pattern or practice of failing to pay overtime compensation to Plaintiffs.

## VII. CAUSE OF ACTION ONE: FLSA

38.     During the relevant period, Defendant violated Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing the Plaintiffs in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating them for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their regular rate for which they were employed. Defendant has acted willfully in failing to pay Plaintiffs in accordance with applicable law.

## VIII. CAUSE OF ACTION TWO: NMMWA

39.     During the relevant period, Defendant violated the NMMWA, N.M. STAT. § 50-4-22 (West 2018), by employing the Plaintiffs for workweeks longer than 40 hours without compensating them for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their regular hourly rate. Defendant's violation of the NMMWA occurred as part of a continuing course of conduct.

## IX. PRAYER FOR RELIEF

For the foregoing reasons, Plaintiffs prays for judgment against Defendant as follows:

a.      For an Order under Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

b.      For an Order awarding Plaintiffs damages pursuant to N.M. Stat. 50-4-26, including damages for all violations, regardless of the date on which they occurred, as a result of Defendant's continued course of conduct pursuant to N.M. Stat. Ann. 50-4-32;

c.      For an Order awarding Plaintiffs the taxable costs and allowable expenses of this action;

d.      For an Order awarding Plaintiffs attorneys' fees; and

e.      For an Order awarding Plaintiffs post-judgment interest at the highest rates allowed by law;

f.      For an Order awarding Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* and the New Mexico Minimum Wage Act, as amended, N.M. STAT. § 50-4-19, *et seq.*; and

g.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

**MORELAND VERRETT, P.C.**


By: ___*/s/ Edmond S. Moreland, Jr.*___
       Edmond S. Moreland, Jr.
       State Bar No. 24002644
       edmond@morelandlaw.com
       Daniel A. Verrett
       State Bar No. 24075220
       daniel@morelandlaw.com
       700 West Summit Drive
       Wimberley, Texas 78676
       Ph: (512) 782-0567
       Fax: (512) 782-0605


       Aaron Johnson
       State Bar No. 24056961
       ajohnson@fairlaborlaw.com
       **FAIR LABOR LAW**
       314 E. Highland Mall Blvd, Ste. 401
       Austin, Texas 78752
       Ph: (512) 277-3505
       Fax: (512) 277-3254

       **ATTORNEYS FOR PLAINTIFFS**