# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **MICHAEL COATES, BRANDON RAYBION, DANIEL VENABLE,** *Plaintiffs*, | § § § § § § § § § | MO:22-CV-00018-DC |
| v. | | |
| **TNT CRANE & RIGGING, INC.,** *Defendant.* | | |

## ORDER

BEFORE THE COURT is Defendant TNT Crane & Rigging Inc.'s oral Motion for Judgment as a Matter of Law. This Order memorializes the Court's oral ruling that Defendant's Motion for Judgment as a Matter of Law shall be **GRANTED** in part and **DENIED** in part.

Judgment as a matter of law is appropriate where there is no legally sufficient evidence upon which the jury could find for a party. There is no legally sufficient evidence upon which a jury could find for a party where the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable jurors could not arrive at a contrary verdict.[1] Questions of statutory interpretation are questions of law.[2]

## I. The New Mexico Minimum Wage Act's statute of limitations.

The Court grants Defendant's motion on two points. First, Defendant moves for judgment as a matter of law on whether Plaintiffs Coates and Venable's claims under the NMMWA are barred by the statute of limitations. The NMMWA bars actions not

---
[1] *See, e.g., Burch v. Coca–Cola,* 119 F.3d 305, 313 (5th Cir. 1997).
[2] *Khanh Nhat Thuy Le v. Holder*, 732 F.3d 425, 427 (5th Cir. 2013).

"commenced within three years after a violation last occurs."[3] Accordingly, the questions become when Plaintiffs sued and whether the statute of limitations was tolled.

Plaintiff Coates' employment with Defendant ended on November 1, 2017. Defendant Venable's employment with Defendant ended on July 1, 2018. So Plaintiff Coates and Venable's claims under the NMMWA must have been brought at the latest by November 1, 2020 and July 1, 2021 respectively.

Yet all three Plaintiffs in this case did not sue until February 2, 2022.[4] Plaintiffs, however, would argue that the NMMWA's statute of limitations was tolled by their participation in a prior lawsuit. Plaintiffs Coates and Venable were opt-in Plaintiffs in a prior litigation before this Court. But there, the Magistrate Judge denied a motion for equitable tolling on the opt-in plaintiffs under the NMMWA.[5] In his reasoning, the Magistrate Judge noted that "Plaintiffs made it clear they abandoned their NMMWA class claims months ago."[6] In fact, the Magistrate Judge went further, stating it was "not even sure which opt-in plaintiffs have and intend to pursue NMMWA claims."[7] So without any tolling, the NMMWA's statute of limitation on Plaintiff Coates and Venable's claims extends back three years from February 2, 2022.

As a result, any claims Plaintiffs Coates and Venable have under the NMMWA are barred by the applicable statute of limitations. The only Plaintiff with employment time inside the statute of limitations window—extending back from February 2, 2022—would be Plaintiff Brandon Raybion. Plaintiff Raybion's employment with Defendant ended in

---

[3] N.M. Stat. Ann. § 37-1-5.
[4] Doc. 1
[5] *Repass v. TNT Crane & Rigging, Inc.*, 7:18-CV-00107-DC-RCG ("*Repass*"), Doc. 195 at 3.
[6] *Repass*, Doc. 195 at 3.
[7] *Id.*

November 2019. Thus, Plaintiff Raybion can recover under the NMMWA from February 2019 to November 2019, but there's no period where Plaintiffs Coates and Venables can.

## II. Treble damages under the New Mexico Minimum Wage Act.

Defendant also moves for judgment as a matter of law on whether the NMMWA allows Plaintiff Raybion—the only Plaintiff with a NMMWA claim—to recover treble damages for his overtime claim. The NMMWA states, "[i]n addition to penalties provided pursuant to this section, an employer who violates any provision of Section 50–4–22 NMSA 1978 shall be liable to the employees affected in the amount of *their unpaid or underpaid minimum wages* plus interest, and in an additional amount equal to twice the unpaid or underpaid wages."[8] The statute's plain text then provides for treble damages for minimum wages, yet omits overtime claims the provision.

The Fifth Circuit mandates that when interpreting a statute, lower courts must give words "their ordinary, natural meaning."[9] This includes not only what words the legislature chose to include, but also what words were excluded. Indeed, it is a longstanding canon of statutory interpretation that "expressing one item of [an] associated group or series excludes another left unmentioned."[10]

Yet "[t]he force of any negative implication, however, depends on context."[11] And the context here is that minimum wage and overtime claims generally go "hand in hand."[12] For example, the FLSA's damages provision mentions unpaid minimum wage and overtime

---

[8] N.M.S.A.1978, § 50–4–26(C) (emphasis added).
[9] *Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 626 (5th Cir. 2019).
[10] *N.L.R.B. v. SW Gen., Inc.*, 580 U.S. 288, 302 (2017) (*expressio unius est exclusio alterius*).
[11] *Id.* (quoting *Marx v. General Revenue Corp.*, 568 U.S. 371, 381 (2013).
[12] *Garcia v. Crossmark, Inc.*, 157 F. Supp. 3d 1046, 1053 (D.N.M. 2015) (citing *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003)).

claims.[13] But the NMMWA excludes what the FLSA includes. Thus, this Court reasons that the NMMWA's treble damages are available only for minimum wage claims.

What's more, a New Mexico district court in *Garcia v. Crossmark, Inc.* reasoned the same. There, the *Garcia* court faced the same question—whether the NMMWA's treble damages also applied to overtime claims.[14] In short, the *Garcia* court concluded that treble damages did not apply for overtime claims because "[g]iven that New Mexico had the benefit of referring to federal law when it drafted the section in question, had it intended to reach an analogous result, it could have simply imported the relevant language."[15] That argument is persuasive.

This Court agrees with the *Garcia* court and for the reasons stated above, the Court holds that the NMMWA's treble damages applies only for minimum wage claims. Thus, because this case is about unpaid overtime, Plaintiff Raybion—who is the only Plaintiff with NMMWA claims remaining—cannot recover treble damages under the NMMWA as a matter of law.

## CONCLUSION

The remaining items in Defendant's oral motion are **DENIED**.

It is therefore **ORDERED** that Defendant's Motion for Judgment as a Matter of Law on Plaintiffs Michael Coates and Daniel Venable's claims under the New Mexico Minimum Wage Act be **GRANTED**.

---

[13] 29 U.S.C. 216(b).
[14] *Garcia*, 157 F. Supp. 3d at 1052–53.
[15] *Id.* at 1053.

It is also **ORDERED** that Defendant's Motion for Judgment as a Matter of Law on the Issue of Treble Damages under the New Mexico Minimum Wage Act be **GRANTED**.

It is so **ORDERED**.

SIGNED this 7th day of February, 2023.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE