IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| MICHAEL COATES, BRANDON RAYBION, DANIEL VENABLE, *Plaintiffs*, | § § § § § § § § § § | MO:22-CV-00018-DC |
| v. | | |
| TNT CRANE & RIGGING, INC., *Defendant*. | | |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in

light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

## BIAS—CORPORATE PARTY INVOLVED

Do not let bias, prejudice or sympathy play a part in your deliberations. A corporate and all other persons are equal before the law and must be treated as equals in a court of justice.

## BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE

Plaintiffs Michael Coates, Brandon Raybion, and Daniel Venable have the burden of proving their case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs Michael Coates, Brandon Raybion, and Daniel Venable have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

## EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial

evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## OBJECTIONS AND STRICKEN TESTIMONY

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Your verdict must be based solely on the legally admissible evidence and testimony.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiffs or the defendant in arriving at your verdict.

## STIPULATIONS OF FACT

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court. You must treat these facts as having been proved:

1. Plaintiffs are not pursuing unpaid wages for any time based solely on picking up or purchasing ice or water.

2. At all relevant times, Defendant has been an "employer" within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d) (FLSA).

3. At all relevant times, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

5. At all relevant times, Plaintiffs were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

6. At all relevant times, Defendant has been an "employer" within the meaning of Section 50-4-21(B) of the New Mexico Minimum Wage Act (NMMWA).

7. At all relevant times, Plaintiffs were individual "employees" within the meaning of Section 50-4-21(C) of the NMMWA, and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 50-4-21(A) of the NMMWA.

8. For all times relevant to this action, Plaintiffs were not exempt from the protections of the FLSA.

9. Plaintiff Coates was employed by Defendant from February 13, 2017 until November 1, 2017.

10. Plaintiff Coates's hourly rate of pay was $27 from the beginning of his employment through September 23, 2017, then $28 per hour from September 24, 2017, through the end of his employment.

11. Plaintiff Raybion was employed by Defendant from February 6, 2017 through November 2019.

12. Plaintiff Raybion's hourly rate of pay was $30 per hour from the beginning of his employment through May 21, 2017. His hourly rate was $28 from May 22, 2017, through August 12, 2018. His hourly rate was $30 from August 13, 2018, through June 9, 2019. His hourly rate was $32 from June 10, 2019, through the end of his employment

13. Plaintiff Venable was employed by Defendant from October 6, 2014 until July 1, 2018. He was initially hired as a rigger/driver. Then he was employed as a crane operator from May 2017 through the end of his employment.

14. Plaintiff Venable's hourly rate of pay was $25 per hour throughout the time he was employed as a crane operator.

15. Defendant's designated corporate representative Antoy Bell is a licensed attorney and has been Defendant's Human Resources Director since 2013.

16. John Harrison was the Branch Manager of Defendant's Midland Branch during all times relevant to this action.

17. Carol Harrison was the office manager of Defendant's Midland Branch during all times relevant to this action.

18. Defendant provided company trucks to all crane operators working out of its Midland Branch.

19. Defendant did not provide company trucks to its riggers working out of its Midland Branch.

20. Defendant provided company trucks to the Plaintiffs to drive to and from the assigned job sites.

21. The Plaintiffs had an agreement with Defendant governing the use of his company-issued pickup truck.

22. During their employment with Defendant, Plaintiffs were paid for performing pre-checks of cranes and haul trucks they would be using.

23. During their employment with Defendant, Plaintiffs were paid for all travel time spent driving a crane or a haul truck.

24. During their employment with Defendant, there were times when Plaintiffs stayed at a hotel paid for by Defendant.

25. During their employment with Defendant, there were times when Plaintiffs drove directly from their homes to their job sites without going to Defendant's yard in Midland.

26. During their employment with Defendant, there were times when Plaintiffs drove directly from their job sites to their homes without going to Defendant's yard in Midland.

27. Defendant issued company credit cards to the Plaintiffs.

28. Plaintiffs were regularly assigned jobs in the oilfields located approximately 1.5 hours to 3 hours from Defendant's Midland yard.

29. Defendant's Midland yard had a fuel pump where crane operators could fuel their cranes and their company trucks at the yard.

## DEMONSTRATIVE EVIDENCE

Exhibits P-3-A, P-3-B, and P-3-C are illustrations. They are a party's description used to describe something involved in this trial. If your recollection of the evidence differs from the exhibits, rely on your recollection.

## CHARTS AND SUMMARIES

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

## WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

## IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether the misstatement was an intentional falsehood or simply an innocent mistake. The significance of that my depend on whether it has to do with an important fact or with only an unimportant detail.

## NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## PLAINTIFFS' CLAIM

## Fair Labor Standards Act (FLSA)

## [29 U.S.C. §§ 201, et seq.]

Plaintiffs claim that Defendant TNT Crane & Rigging, Inc. did not pay Plaintiffs the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA. Defendant TNT Crane & Rigging, Inc. denies Plaintiffs' claims and contends the time Plaintiffs spent traveling to or from their job location at issue in this case is not work under the FLSA.

It is unlawful for an employer to require an employee covered by the FLSA to work more than 40 hours in a workweek without paying overtime. To succeed on their claims, Plaintiffs must prove by a preponderance of the evidence that Defendant TNT Crane & Rigging, Inc. failed to pay Plaintiffs the overtime pay required by law.

## OVERTIME WAGES

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for hours worked over 40 hours in a workweek. This is commonly known as "time-and-a-half pay" for overtime work. To calculate how much overtime pay Plaintiffs earned in a particular week, multiply their regular rate of pay by one-and-one-half times the regular rate for all hours worked over 40 in that week.

A "workweek" is a regularly recurring period of seven days or 168 hours.

The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business, as well as non-work time that the parties have agreed to treat as hours worked.

### Primarily for the Benefit of the Employer

An employee's time is considered primarily for the benefit of the employer when it is spent on tasks that are an integral and indispensable part of the employee's principal activities. In

contrast, an employee's time is not considered primarily for the benefit of the employer where any benefit the employer receives is incidental, or where the employer and its employees benefit more or less equally from the activity.

### An Employee's Principal Activities

An employee's principal activities are those that the employee is employed to perform, which includes all activities that are an integral and indispensable part of the principal activities.

### Continuous Workday Rule

All time between the start of an employee's first principal activity and the completion of the employee's last principal activity on any workday must be included in the computation of hours worked. An employee's "workday" includes all time within that period whether or not the employee engages in work throughout all of that period.

### Preliminary and Postliminary Activities

An employer does not have to compensate an employee for time spent on tasks that are preliminary to or postliminary to an employee's principal activities. Preliminary tasks occur prior to the time on any particular workday at which such employee commences his first principal activity, while postliminary tasks occur subsequent to the time on any particular workday at which such employee ceases their last principal activity.

### Travel Time

Time spent by an employee traveling from home to the worksite or designated place before their regular workday and returning to their home from the worksite or designated place at the end of the workday is not counted as hours worked.

But an employee's time spent traveling as part of their principal activity, such as traveling from job site to job site during the workday, must be counted as hours worked. When an employee is required to report at a designated place to receive instructions or to perform other work there, or

to pick up and to carry tools, and then travel from the designated place to the worksite, the travel time from the designated place to the worksite must be counted as hours worked. And if the employee is required to return to the designated place before heading home, the travel time from the worksite back to the designated place must be counted as hours worked.

### Travel Away from Home

Travel that keeps an employee away from home overnight is travel away from home. Travel away from home must be counted as hours worked if it occurs (1) during the employee's regular workday or (2) during the hours corresponding to the employee's regular workday on nonworking days.

### Use of an Employer-Provided Vehicle

The use of an employer-provided vehicle does not make an employee's time spent commuting to and from work or engaging in activity incidental to their commute compensable if the use of such vehicle is (1) within the normal commuting area for the employer's business, and (2) subject to an agreement on the part of the employer and the employee or representative of such employee.

### *De Minimis* Time

Insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded.

### An Employer's Knowledge of the Hours Worked

An employee's time spent primarily for the benefit of the employer or the employer's business is "hours worked" only if the employer knew or had reason to believe that the employee was doing the work. At the same time, an employer who knows that an employee is working overtime and does not want the work to be done must make reasonable efforts to prevent it. If

an employee in fact does overtime work and the employer knows or has reason to believe it, the employer cannot stand idly by and allow the employee to perform the work without proper compensation, even if the employee did not make a claim for the compensation at the time. An employer has the right to require an employee to adhere to its procedures for claiming overtime and an employee has a duty to notify his employer when he is working extra hours. If the employee fails to notify the employer of the overtime work or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of the statute. If the employer neither knew nor had reason to believe that overtime work was being performed, the time does not constitute "hours worked."

### FLSA Rights Nonwaivable

An employee's right to receive overtime compensation under the Fair Labor Standards Act is not a right that an employee can waive, even if the employee does so voluntarily. In other words, an employee cannot enter into a contract with his employer to forego his rights to receive overtime compensation; and, even if he does, that contract has no force or effect.

### Inadequate Records of Hours Worked

The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Plaintiffs claim that Defendant TNT Crane & Rigging, Inc. failed to keep and maintain adequate records of their hours and pay. Plaintiffs also claim that Defendant TNT Crane & Rigging Inc.'s failure to keep and maintain adequate records has made it difficult for Plaintiffs to prove the exact amount of their claim.

If you find that Defendant TNT Crane & Rigging Inc. failed to keep adequate time and pay records for Plaintiffs and that Plaintiffs performed work for which they should have been paid, Plaintiffs may recover a reasonable estimation of the amount of their damages. But to

recover this amount, Plaintiffs must prove by a preponderance of the evidence a reasonable estimate of the amount and extent of the work for which they seek pay.

## DAMAGES
*[consider only if necessary]*

If you find that Plaintiffs have proven beyond a preponderance that Defendant TNT Crane & Rigging Inc. violated the FLSA, you must determine the amount of any damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiffs have proved liability.

The amount of damages is the difference between the amount Plaintiffs should have been paid and the amount they were actually paid, minus any amounts that Defendant TNT Crane & Rigging, Inc. paid to Plaintiffs for the premium portions of any "time-and-a-half" payments made for work done on weekends and holidays even when Plaintiffs did not work overtime. Any credit/offset for such extra compensation can only be applied against overtime due in the same workweek.

Each Plaintiff is entitled to recover lost wages for the two years before they filed their consent forms to join this lawsuit. Plaintiff Michael Coates consented to join this lawsuit on April 15, 2019. Plaintiff Brandon Raybion consented to join this lawsuit on March 27, 2019. Plaintiff Daniel Venable consented to join this lawsuit on July 13, 2018.

If you find that Defendant TNT Crane & Rigging, Inc. knew or showed reckless disregard for whether the FLSA prohibited its conduct, then Plaintiffs are entitled to recover lost wages for three years before the date they consented to join this lawsuit, instead of only two years. An employer shows reckless disregard for the requirements of the FLSA when it fails to make adequate inquiry into whether its conduct complied the FLSA.

## DUTY TO DELIBERATE

It is now your duty to deliberate an to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom. Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.